IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY EALY, Y13490, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 23-cv-1033-DWD ) |
| DEE DEE BROOKHART, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Courtney Ealy, an inmate of the Illinois Department of Corrections (IDOC) at Lawrence Correctional Center (Lawrence), brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Upon initial review, the Court determined that Plaintiff's complaint was insufficient as pled, and it afforded him an opportunity to amend. (Doc. 15). The Court likewise determined that Plaintiff's First Amended Complaint (Doc. 17) was insufficient to state a claim and failed to comply with stylistic and procedural rules. (Doc. 20). On August 16, 2023, Plaintiff was invited to file a Second Amended Complaint subject to the issues identified in the orders of review of his original and amended complaints.

Rather than file a Second Amended Complaint, Plaintiff filed a Motion for Help and Motion for Counsel. (Doc. 21). In his Motion, Plaintiff insists that his claims are sufficient as pled. He indicates that he either wants appointed counsel to help him better present his claims, or he would like for the Court to dismiss his case so he can pursue an

appeal.  This is effectively Plaintiff's Second Motion for Counsel.  The first motion for counsel (Doc. 3) was denied without prejudice because he did not present proof of his own efforts to seek counsel, and he appeared competent to represent himself in the case. (Doc. 15 at 12).  With this new request for counsel, Plaintiff still has not presented proof of his own efforts to seek counsel.  As the Court previously explained, there is no right to appointed counsel in civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The first consideration before the appointment of counsel is whether Plaintiff has made reasonable efforts to secure his own counsel.  Plaintiff has not made any showing on this factor, so his Second Motion for Counsel (Doc. 21) is again denied without prejudice.

To the extent that Plaintiff has asked the Court to dismiss his case so he can appeal, the Court is not yet convinced this is the appropriate course of action.  In two written orders, the Court has clearly identified flaws with Plaintiff's pleadings.  (Docs. 15, 20). Rather than make a meaningful attempt to respond to the issues identified, Plaintiff appears to be attempting to skip straight to an appeal by demanding that the Court dismiss his case.  Although Plaintiff can always voluntarily dismiss his case under Rule 41 of the Federal Rules of Civil Procedure, a voluntary dismissal would not be appealable. To the extent Plaintiff wants the Court to forcibly dismiss his case to allow an appeal, the case has not yet reached that procedural juncture.  Plaintiff will be given a final opportunity to file a second amended complaint.  If he files a second amended complaint, he should heed the information provided in the orders of review (Docs. 15, 20).  Plaintiff shall have 30 days to file his second amended pleading, failing which his case will be dismissed for failure to state a claim and failure to prosecute.

**Disposition**

Plaintiff's Motion for Help and Motion for Counsel (Doc. 21) is **DENIED** without prejudice. Plaintiff is **DIRECTED** to file a Second Amended Complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order, and the prior orders of review (Docs. 15, 20). If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute.

**IT IS SO ORDERED.**

Dated: October 6, 2023			/s *David W. Dugan*

			DAVID W. DUGAN
			United States District Judge